**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4410**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEION TYRELL LILES,

Defendant - Appellant.

_____

**No. 25-4411**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEION TYRELL LILES,

Defendant - Appellant.

_____

**No. 25-4412**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEION TYRELL LILES,

                Defendant - Appellant.

———————————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00238-WO-1; 1:19-cr-00230-WO-2; 1:24-cr-00271-WO-1)

———————————

Submitted:  April 8, 2026                            Decided:  May 22, 2026

———————————

Before KING, AGEE, and RICHARDSON, Circuit Judges.

———————————

No. 25-4410 affirmed, No. 25-4411 affirmed and remanded, and No. 25-4412 affirmed and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Brian Aus, Durham, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Deion Tyrell Liles appeals the 66-month sentence imposed following his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (No. 25-4410), and the 21-month sentences imposed upon the revocation of his supervised release (Nos. 25-4411, 25-4412).  On appeal, Liles's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether Liles's sentences are reasonable and whether the district court erroneously found Liles committed violations of the conditions of his supervised release that the Government did not pursue.  The Government has declined to file a response brief, and Liles has not filed a pro se supplemental brief after being notified of his right to do so.

Beginning with Liles's 66-month sentence for the § 922(g) offense, we review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted).  In reviewing whether a sentence is reasonable, we must first ensure the district court did not commit "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

3

"If the court finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation modified). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted).

Here, the district court properly calculated Liles's advisory Sentencing Guidelines range, heard and engaged with Liles's arguments for a within-Guidelines sentence, and thoroughly explained why its chosen upward-variant sentence was sufficient but not greater than necessary to adequately account for the needs for just punishment and deterrence. Accordingly, the 66-month sentence on the new § 922(g) offense is reasonable.

Regarding the revocation of Liles's supervised release, a district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024). Here, Liles admitted

4

five violations of the conditions of his supervised release. Because Liles admitted a Grade B violation—committing a new federal criminal offense—the district court did not err by revoking his supervised release. The revocation judgment, however, reflects that Liles committed eight violations of his supervised release conditions—including three violations the Government did not pursue and the district court did not find Liles committed. Upon review, we conclude that this is a clerical error in the judgment and may be corrected pursuant to Fed. R. Crim. P. 36.

As for the revocation sentences, "a district court . . . has broad discretion to impose a particular sentence upon revocation of a defendant's term of supervised release." *United States v. Celedon*, 165 F.4th 873, 879 (4th Cir. 2026) (internal quotation marks omitted). We will affirm a revocation sentence "unless it is above the statutory maximum or plainly unreasonable." *Id.* "For a revocation sentence to be plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if we find a revocation sentence unreasonable do we consider whether it is plainly unreasonable—meaning the unreasonableness is clear or obvious." *Id.* (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence if it "adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* (internal quotation marks omitted), and "meaningfully respond[s] to the parties' nonfrivolous arguments" for a different sentence, *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). A court complies with substantive reasonableness requirements

5

by "sufficiently stat[ing] an appropriate basis for imposing its sentence." *Celedon*, 165 F.4th at 879; *see id.* at 879-80. "If, after consideration, the sentencing court concludes a sentence outside the advisory guideline range is appropriate, that departure should be supported by a more significant justification than would be otherwise required for an in-range sentence." *Id.* at 880 (internal quotation marks omitted).

Our review of the record confirms that the district court accurately calculated the applicable policy statement range and heard and engaged with Liles's arguments for 12-month revocation sentences. The district court then thoroughly explained that the chosen upward-variant sentences were necessary to account for the severity of Liles's breach of the court's trust, the escalation of Liles's criminal behavior, and the need for deterrence. Accordingly, the revocation sentences are reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgments and remand No. 25-4411 and No. 25-4412 for correction of the revocation judgment to strike the references to Violations 1, 2, and 4. This court requires that counsel inform Liles, in writing, of the right to petition the Supreme Court of the United States for further review. If Liles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Liles.

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 25-4410: *AFFIRMED*
No. 25-4411: *AFFIRMED AND REMANDED*
No. 25-4412: *AFFIRMED AND REMANDED*
